GILMOUR, Appellant, v. FRESHAUR, Respondent.

**St. Louis Court of Appeals, May 28, 1907.**

**REAL ESTATE BROKER: Commission.** A real estate broker having a farm of another for sale took a prospective buyer to see the farm and put him in negotiation with the owner; the owner diverted the purchaser to another agent who concluded the trade between the owner and the purchaser. *Held,* the first agent was entitled to his commission for the sale, unless he abandoned the negotiation on account of failing to agree with the purchaser before a trade was made by the second agent.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*N. B. Wilkinson* for appellant.

*A. Mullinix* for respondent.

GOODE, J.—Plaintiff is a real estate broker in Pomona, Howell county, Missouri, in which business he

was assisted by a man named Frazier. Defendant own-
ed a farm in the county which plaintiff had been author-
ized to sell. W. S. Newman came to Howell county to
buy a farm for his wife as her agent, and was intro-
duced to Gilmour. Gilmour told him of Freshaur's place
and arranged to visit it with him the next day after
the one on which they met. Pursuant to this arrange-
ment Gilmour and Newman drove out to the Frazier
farm, which we understand to lie out from Pomona in
the direction of, but beyond, defendant's farm, so that
the latter place was passed by Gilmour and Newman
on the way to Frazier's. Frazier induced Newman to
stay all night with him with the understanding that the
next morning the two would go to defendant's farm
and Gilmour would come out from Pomona and meet
them there. Gilmour swore he notified defendant the
same day he took Newman to Frazier's, that Newman
was a prospective purchaser. The next morning New-
man and Frazier went to defendant's place and were
joined there by Gilmour. Newman was introduced to
defendant by either Gilmour or Frazier. According to
the testimony of all the witnesses, including the defend-
ant himself, he then and there offered to sell the farm
to Newman for $3,000. Newman offered to pay $2,500.
Defendant agreed with Gilmour, in a conversation apart
from Newman, to take $2,800 net, and allow plaintiff
any surplus above that price. Both parties swore to
this; but defendant added that he told plaintiff if a sale
could be made for $3,000, plaintiff might have a com-
mission of five per cent. Defendant offered to throw in
some farming tools if Newman would pay $3,000. No
sale was effected at that time, but two weeks later New-
man bought the farm for $2,875 from Willis & Preston,
a firm of real estate agents at Willow Springs. Accord-
ing to plaintiff's testimony he was prevented from mak-
ing the sale by defendant's telling Newman privately,
that though defendant asked $3,000 for the farm, New-

man could get it at a lower price if he would see Willis & Preston; that Newman told plaintiff he had been willing to pay $3,000, but wanted to get the farm as cheap as he could. Newman swore that while in conversation with defendant at the latter's farm, on the occasion when Gilmour and Frazier were there with him, defendant told him (Newman) he could get the farm for less than $3,000 if he would call on Willis & Preston. Defendant denied saying this. Three declarations of law were requested by plaintiff, which set forth, in substance, the proposition that if defendant had authorized plaintiff to sell the farm, and plaintiff took Newman to the farm and opened negotiations between him and defendant, and while the negotiations were in progress, defendant notified Newman that the latter could buy cheaper from another agency, and thereby negotiations were caused to be opened between Newman and such other agency, which finally terminated in a sale, plaintiff was entitled to recover the sum for which it was sold over $2,800, and the fact that defendant had paid such other agency for making the sale, did not change his liability to plaintiff. These declarations were refused. They are sound law. The evidence shows without dispute that plaintiff, acting under authority from defendant, took Newman as a prospective buyer to the farm and put him into a negotiation with defendant, and that within two weeks Newman purchased from another agency. If Newman's testimony is to be believed, this was because defendant referred him to said agency. But defendant could not avail himself of the services plaintiff had rendered pursuant to request, and then prevent plaintiff from earning a commission by diverting the negotiation to another firm of brokers. [Brennan v. Roach, 47 Mo. App. 290.] Of course, if Newman abandoned the negotiation which plaintiff had brought about, because he and defendant could not agree on a price, plaintiff would not be entitled to a com-

mission because, after this negotiation was completely broken off, Newman brought from another firm.   But the evidence is very cogent that in the course of the negotiation started by plaintiff, defendant induced Newman to deal with Willis & Preston by saying the farm could be bought from them at a lower price.

The judgment is reversed and the cause remanded. All concur.